SATELE MOMOSEA UOKA, Plaintiff

v.

UIAGALELEI IONA, UIAGALELEI LEALOFI, TUIASOSOPO MARIOTA, and FALE FAIAI, Defendants

High Court of American Samoa
Trial Division

LT No. 17-86

December 18, 1987

Before REES, Chief Justice, LETULI, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono

For Defendant Faiai, Charles Ala'ilima
For Defendant Tuiasosopo, Togiola T.
    A. Tulafono
For Defendants Uiagalelei, Aitofele
    Sunia

        We find the facts in this case to be as
follows:

        (1) The land involved in this case, and to
which these findings of fact and conclusions of law
apply, is limited to (a) the land designated
"Fasamea" containing 35.5 acres more or less
conveyed in a warranty deed from Fau'olo to
Fa'ailoilo in 1939 and (b) those portions of land
"Saumolia" designated "Parcel One" on Uiagalelei's
1987 survey and recorded in Volume II Register of
Native Land Titles, page 335, which either overlap
"Fasamea" as designated in the 1939 warranty deed
or which lie to the north of it. This includes but
is not limited to all the land currently occupied
by the American Samoa Government as a landfill and,
to the best understanding of the Court, all of the
land into which the Government currently desires to
expand the dump. Land lying to the south,
southwest, or east of the 1939 map of "Fasamea,"
including some of the land on Uiagalelei's survey
and much of the land on Satele's survey, is not
involved in this case. Objections to the Satele
and Uiagalelei surveys concerning areas not covered
by this decision may, of course, result in future
cases.

        (2) In the early 1900s the land Fasamea was
cleared from virgin bush by a chief of Se'etaga
called Fau'olo. Fau'olo was a brother-in-law of
Satele and continued throughout his life to render
Satele the service due him as the highest chief in
the county. The land was not, however, Satele
family land when Fau'olo arrived on it and he did
not intend to make it Satele land. In 1912 he
registered about 10 acres of Fasamea as his own
individually owned land.

        (3) By 1939 (and possibly much earlier) the
tract cultivated by Fau'olo and those working the
land on his behalf had grown to the dimensions set
forth in the map accompanying the 1939 warranty
deed from Fau'olo to Fa'ailoilo, containing 35.5
acres more or less. It is not necessary for us to
decide whether Fau'olo registered this survey in

144

1914, since our conclusion would be the same in either case.

(4) Various relatives of Fau'olo cultivated parts of Fasamea at various times. Some were also members of the Satele family. Another was the first Tuiasosopo Mariota, who eventually established a large commercial plantation there.

(5) The land to the north of Fasamea, at least in what is now the landfill area, was Uiagalelei communal land occupied by Uiagalelei family members.

(6) The best evidence of the boundary separating Fasamea from the Uiagalelei lands to the north is set forth as "old boundary" in the 1974 map of the landfill area denoted Exhibit G. This corresponds quite closely, assuming one possible resolution of the error of closure on the map accompanying the 1939 deed, to the boundary as set forth on that map.

(7) Many people related to the several parties to this litigation resided on Fasamea at various times. None ever occupied any portion of it continuously and openly for 30 years in a manner hostile to the rights of the original owners. In particular, the best evidence is that Tuiasosopo Mariota was first given permission to cultivate part of Fasamea by Fau'olo or Fa'ailoilo. As late as 1974 the government map of the landfill area prepared under the direction of the present Tuiasosopo designated Fa'ailoilo as the owner of Fasamea. Similarly, although members of the Uiagalelei family occupied and conducted various activities on parts of Fasamea (as described in the 1939 deed) in the 1970s and 1980s, such occupancy has not been exclusive and has not lasted for 30 years.

(8) The best evidence is that Uiagalelei Sinapati sold about one acre of what is now the landfill area to defendant Tuiasosopo and his brother and sister as part of a stipulation approved by then-Chief Justice Jochimsen in 1976. Although there is some evidence for Uiagalelei's contention that his father's counsel never signed the stipulation, this evidence is insufficient to overcome the strong presumption of validity attaching to an order of this Court signed by a Justice thereof. At the very least the Court should

145

restrain itself from finding massive fraud on the basis of superficial (albeit interesting) evidence when the person whose signature was allegedly forged is present on island and was not called as a witness by the party asserting the forgery.

On the basis of these facts we conclude as follows:

(1) The tract Fasamea as described in the 1939 warranty deed and accompanying map is the individual property of the heirs of Fa'ailoilo.

(2) The northernmost boundary of this tract traverses the present landfill area along the line marked "old boundary" on the 1974 map. This tract also includes the land designated "proposed dumping area" in the "super-imposition drawing" designated Uiagalelei Exhibit D.

(3) To the north of Fasamea within the landfill area, between the lines designated "old boundary" and "new boundary" in the 1974 map, is an area of about one acre owned by Tuiasosopo Mariota, Brown Tuiasosopo, and Mary Betham.

(4) The parts of Parcel One of Saumolia that are to the north of Fasamea, with the exception of the one acre sold to the Tuiasosopos, are Uiagalelei communal land. This includes the part of the present landfill area north of the "new boundary" on the 1974 map. (We note that this judgment is only binding on the parties to this case. Uiagalelei may or may not have boundary disputes with other neighbors far to the north and west of the landfill area. If so, they are not resolved by this decision.)

(5) No part of the land involved in this case is Satele communal land.

It may be necessary to hold a post-trial hearing at which Fale Faiai, Tuiasosopo, and Uiagalelei submit resurveys in accordance with these findings and conclusions for the Court's approval. The parties are urged to prepare such resurveys as quickly as possible. In particular, counsel for Fale Faiai is urged to have his surveyor do the necessary field work to resolve the error of closure on the 1939 survey and to reconcile it with the northern boundary of Fasamea as reflected in the 1974 map of the landfill area.

146

The above findings and conclusions should, however, allow the Government to conclude its negotiations for the expansion of the landfill area.

It is so ordered.